UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLTON WALKER,

                              Plaintiff,

                -against-

HON. ANDREW M. CUOMO, *et al.*,

                              Defendants.

**ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)**

20-CV-2751 (PMH)

PHILIP M. HALPERN, United States District Judge:

On January 23, 2020, Plaintiff filed a pro se prisoner civil rights complaint in the United States District Court for the Northern District of New York, concerning events arising over a period of 35-plus years beginning with his arrest in 1983 and occurring within multiple facilities operated by the New York State Department of Corrections and Community Supervision ("DOCCS"), including Woodbourne Correctional Facility. *See Walker v. Cuomo*, No. 9:20-CV-0082 (N.D.N.Y. filed Jan. 23, 2020). The Northern District of New York determined that Plaintiff was barred under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing actions *in forma pauperis* ("IFP"), but nonetheless permitted the action to proceed because Plaintiff paid the filing fees. (Doc. 6, at 3-11).[1] By order dated March 31, 2020, the Northern District of New York severed and transferred to this District Plaintiff's "claims arising out of his confinement at Woodbourne C[orrectional] F[acility]." (*Id.* at 21). The Court received this action on April 2, 2020.

Although Plaintiff paid the filing fees in the Northern District, the severed claims constitute a new civil action. *See Wausau Bus. Ins. Co. v. Turner Const. Co.*, 204 F.R.D. 248, 250 (S.D.N.Y. 2001) (internal quotation marks and citation omitted) ("[S]evered claims become

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

entirely independent actions to be tried, and judgment entered thereon, independently.") Thus, Plaintiff must either pay the relevant filing fees or seek IFP status for this new action. *See Abreu v. Brown*, ECF 1:18-CV-1634, 58, 2018 WL 10125142, at \*1 (S.D.N.Y. Mar. 16, 2018) (holding severed claims constitute a new action and requiring plaintiff to pay the fees or submit an IFP application); *see also Perkins v. City of New York*, ECF 1:14-CV-3779, 46, 2014 WL 5369428, at \*1 (S.D.N.Y. Oct. 20, 2014) (severing multiple prisoners' claims into new actions and requiring each prisoner to submit a new IFP application).

Plaintiff is barred under the PLRA's three-strikes provision, however, from seeking to proceed IFP for any new action while a prisoner unless he is at imminent risk of serious physical harm. "Congress adopted the [PLRA] with the principal purpose of deterring frivolous prisoner lawsuits and appeals." *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir 1997). To serve this deterrent purpose, the PLRA includes the following "three-strikes" provision:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).

Multiple judges on this Court, as well as the United States District Court for the Northern District of New York, have previously recognized Plaintiff as barred under § 1915(g) from bringing actions IFP. *See Walker v. Annucci*, ECF 1:19-CV-5766, 3 (S.D.N.Y. July 15, 2019); *Walker v. DOCCS*, ECF 7:18-CV-6082, 19 (S.D.N.Y. June 6, 2019); *Walker v. Cuomo*, No. 9:20-CV-0082 (N.D.N.Y. Mar. 31, 2020); *Walker v. Cuomo*, No. 9:17-CV-0650 (N.D.N.Y. July 6, 2017).

In an abundance of caution, however, the Court will ensure that Plaintiff acquired at least three strikes before he brought this action. *See Escalera v. Samaritan Vill.*, 938 F.3d 380, 381-84

(2d Cir. 2019) (where the district court relied on a previous order that concluded that the plaintiff had already accrued five strikes, reversing and remanding after determining, based on the language of the dismissal orders themselves, that three of the dismissals should not have been counted as strikes).

Based on its review, the Court has determined that Plaintiff acquired at least three strikes before filing the present action. *See Walker v. Cuomo*, No. 12-CV-4512 (ARR) (LB) (E.D.N.Y. Sept. 27, 2012) (dismissing the complaint for failure to state a claim) (strike one); *appeal dismissed as frivolous*, No. 12-4398 (2d Cir. Jan. 28, 2013) (strike two); *Walker v. Leahy*, No. 92-CV-5413 (JRB) (E.D.N.Y. May 12, 1994) (granting defendants' motion to dismiss for failure to state a claim) (strike three);[2] *see also Walker v. Cuomo,* No. 93-CV-5223 (CLB) (S.D.N.Y. July 28, 1993) (dismissing the complaint pursuant to § 1915(d)).[3]

Because Plaintiff has accrued at least three strikes, he is barred under the PLRA from proceeding with this action IFP unless the complaint alleges sufficient facts to show that Plaintiff was under imminent danger of serious physical injury. An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554

---

[2] While the PLRA and its three-strike provision went into effect on April 26, 1996, *see* PL 104-134, 110 Stat. 1321 (1996), the Second Circuit has held that "pre-[PLRA] dismissals for frivolousness, maliciousness, or failure to state a claim count as 'strikes' for purposes of § 1915(g)." *Welch v. Galie*, 207 F.3d 130, 132 (2d Cir. 2000) (per curiam).

[3] Before the PLRA amended the IFP statute, 28 U.S.C. § 1915, in 1996, 28 U.S.C. § 1915(d) authorized a court to dismiss an IFP action "if the allegation of poverty is untrue, or if [the court is] satisfied that the action is frivolous or malicious." *See Nietzke v. Williams*, 490 U.S. 319, 324 (1989). There is no indication in the docket sheet that the court dismissed the action because Plaintiff's allegation of poverty was untrue. But neither does the docket entry clearly state that the action was dismissed because it was frivolous or malicious. *See Harris v. City of New York*, 607 F.3d 18, 23-24 (2d Cir. 2010) (holding that district courts may rely on docket sheets if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim).

3

F.3d 293, 296 (2d Cir. 2009). To meet the exception, a complaint must also demonstrate some "nexus between the imminent danger it alleges and the claims it asserts." *Id.* at 298. Here, Plaintiff's claims arise from events that occurred while he was incarcerated in Woodbourne. Because Plaintiff was in Bare Hill Correctional Facility at the time he filed the complaint, any danger he may have faced at Woodbourne had dissipated by the time he filed the complaint.[4]

As Plaintiff is barred from proceeding IFP status in this new action, he may only proceed by prepaying $400.00 in filing fees. In light of the fact that Plaintiff did not file this action here, but rather the Northern District of New York transferred the severed claims, the Court grants Plaintiff 30 days from the date of this order to pay the $400.00 in fees.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court grants Plaintiff 30 days from the date of this order to pay $400.00 in fees to proceed with this action.[5] *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury. *Id.*

---

[4] In its order, the Northern District also addressed whether Plaintiff met the imminent danger exception to the three-strikes rule and determined that Plaintiff's gastritis did not pose an imminent danger. (*See* ECF No. 6, at 8-9.)

[5] If Plaintiff commences a new action by paying the filing fee, that complaint will be subject to review under 28 U.S.C. § 1915A, which requires the Court to dismiss any civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED:**

Dated:   New York, New York
        June 1, 2020

PHILIP M. HALPERN
United States District Judge

5